# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, JR.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>METROPOLITAN TRANSIT SYSTEM,<br><br>　　　　　　Defendant. | CASE NO. 3:15-cv-1609-GPC-DHB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br>**[Dkt. No. 2]**<br><br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM.** |

On July 20, 2015, Plaintiff David B. Turner, Jr. ("Plaintiff"), proceeding pro se, filed a complaint against Defendant Metropolitan Transit System ("Defendant"). (Dkt. No. 1.) Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) Based on the reasoning below, the Court DENIES Plaintiff's motion to proceed IFP and sua sponte DISMISSES Plaintiff's complaint for failure to state a claim on which relief may granted.

## Discussion

**A.　Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee

of $400. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, Plaintiff submitted a declaration reporting that he is currently unemployed. (Dkt. No. 2 at 2.) Plaintiff reports no real property, vehicles, savings, or checking account. (Id. at 2-3.) Plaintiff does mark that he has received money from some "other" source in the past twelve months, but does not provide the Court with the amount received nor the type of source. (Id. at 2.) Without more information about what income Plaintiff received in the past twelve months, the Court is unable to determine whether Plaintiff meets the § 1915(a) requirements to proceed IFP. Therefore, the Court DENIES Plaintiff's motion for leave to proceed IFP.

**B.    Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedures 4(c)(2). Lopez, 203 F.3d at 1127.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Plaintiff's complaint alleges "on going injuries," which Plaintiff implies were caused by Defendant, although he makes no direct actual allegation to that effect. (Dkt. No. 1 at 1.) Plaintiff includes a "Notice of Rejection of Claim" that he received from Defendant on July 15, 2015, but Plaintiff does not provide the Court with any information about the nature of the claim Defendant rejected. (Id. at 2.) Plaintiff also includes a printout of the results of a head CT scan and back x-ray that he received on June 29, 2004, but once again provides no explanation. (Id. at 3.) In the caption of his complaint, Plaintiff alleges a violation of his Eighth Amendment, Fourth Amendment,

and Fourteenth Amendment rights, but the complaint lacks sufficient facts to claim a violation under 42 U.S.C. § 1983. West v. Atkins, 487 U.S. 42, 48-49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") Accordingly, the Court DISMISSES Plaintiff's complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Conclusion**

Based on the above, the Court DENIES Plaintiff's motion to proceed IFP and sua sponte DISMISSES Plaintiff's complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

DATED: July 29, 2015

HON. GONZALO P. CURIEL
United States District Judge